**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

BRANDON L. HALL and
JEFFRIE A. BROSS

    Plaintiffs,

v.                                                        Case No. 3:18-cv-602-J-32PDB

CORR. OFFICER HUNT,

    Defendant.
_____

## **ORDER OF DISMISSAL WITHOUT PREJUDICE**

Plaintiffs are inmates at Lake Correctional Institution, who have initiated a civil rights case against a corrections officer regarding events that occurred at the Reception and Medical Center (RMC) in May or June, 2015. (Doc. 1) (Complaint). While the Complaint names two Plaintiffs, the allegations included in the "Statement of Claim" and the "Statement of Facts" reference only Plaintiff Hall specifically. See Complaint at 1, 3, 5. In addition, only Plaintiff Hall has signed the Complaint and filed a motion to proceed in forma pauperis (IFP). See Complaint at 6-7; Motion to Proceed IFP (Doc. 2). With respect to the alleged incident, Plaintiffs state that Defendant Hunt ordered all "youthful offenders" out of their cells, made them kneel, and then started attacking them. See Complaint at 5. As a result of the attack, Plaintiff Hall alleges he suffered a broken jaw, requiring surgery. Plaintiff Hall also alleges that, following the incident, he was threatened against reporting what happened. See id. at 5-6.

The Prison Litigation Reform Act (PLRA) prohibits prisoners proceeding IFP from joining their claims in a single complaint even when they assert claims arising out of the same transaction or occurrence. Hubbard v. Haley, 262 F.3d 1194, 1197-98 (11th Cir. 2001). The PLRA provides that "if a prisoner bring a civil action . . . the prisoner shall be required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1). The Eleventh Circuit has interpreted this provision to require that "each individual prisoner . . . pay the full amount of the required [filing] fee" when proceeding IFP. Hubbard, 262 F.3d at 1195. Moreover, Plaintiff Hall, as a pro se litigant, may not represent other inmates.[1] See Johnson v. Brown, 581 F. App'x 777, 781 (11th Cir. 2014) (affirming denial of a pro se inmate's motion for class certification, recognizing that pro se inmates may not bring an action on behalf of others) (citing Timson v. Sampson, 518 F.3d 870, 873 (11th Cir. 2008) (explaining that pro se representation is a personal right)). Each individual inmate may file his own case asserting claims personal to him and not on behalf of other inmates.[2]

Accordingly, it is

**ORDERED:**

1. This case is **DISMISSED without prejudice**.

2. The **Clerk** shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close the file.

---

[1] Notably, because Plaintiff Bross has not signed the Complaint or submitted an affidavit of indigency to proceed IFP, it is unclear whether he has permitted Plaintiff Hall to file on his behalf.

[2] In doing so, each inmate should consider the running of the statute of limitations.

3. The **Clerk** shall send each Plaintiff a Civil Rights Complaint Form and an Affidavit of Indigency.

**DONE AND ORDERED** at Jacksonville, Florida, this 10th day of May, 2018.

TIMOTHY J. CORRIGAN
United States District Judge

Jax-6

c: Brandon Hall, #U48795
Jeffrie Bross, #V48292